WORTHINGTON
vs.
GREER, &c.

---

## Worthington vs. Greer, &c.

Case 33.

### APPEAL FROM KENTON CIRCUIT.

ORD. PET

1. A deed of assignment to a trustee, for the benefit of creditors, of "all the bills, drafts, promisory notes, negotiable securities of every name and nature, belonging to the said firm of E. & S., and pertaining to or connected with the business of said firm," does not pass a bill or note transferred to the maker of the deed, by indorsement merely, for purposes of collection.

2. On a demurrer to a plea, alledging, for defense to a suit on a note, that the plaintiff is not the legal owner of the note, but that it was transferred to plaintiff, assignor, merely for collection, and that it bolongs to another, the fact is to be taken as true, and the demurrer sustained. None but the legal owner can sue on a note though the legal owner consent.

[The facts of the case appear in the opinion of the court.—REP.]

*W. B. Kinkead* for appellant—

The defendants, in the first paragraph of their answer, deny that Ellis & Sturges ever were the owners and holders of the note sued on, and say that it was only left with them for collection; that it was not among the notes assigned to Ellis & Sturges by plaintiff; deny that plaintiff ever has been the owner or holder of said note, but say that it belongs to the Kentucky Trust Company Bank, and that therefore plaintiff cannot maintain his action.

We think the court should have sustained the demurrer to this paragraph of the answer. The plaintiff files the note, which is conclusive that he is the holder thereof; he files the assignment from Ellis & Sturges, which shows how he got possession thereof. The defendants admit that it was properly in the hands of Ellis & Sturges, but say it was placed in their hands for collection. The indorsement to Ellis & Sturges carried the legal title to the note, so that while they held it suit might have been brought in their names—and could only have been brought in their names, whether they had any interest therein or not, even if they only took it for collection. On this point the court is referred to *Odenheimer & Tenant vs. Douglass, &c.*, 5 *B. Monroe*, 107; *Hunt vs. Armstrong, Ib.* 400; 4 *B. Monroe*, 509.

The indorsement on the note is a transfer of the right of action to Ellis & Sturges, and their assignment to the plaintiff has the same legal effect; and that there was a legal transfer of the right of action cannot be questioned except on oath. (*Jones vs. Cromwell*, 1 *Dana*, 385.)

If the note really belongs to the bank let them take their remedy against the plaintiff after the recovery. The bank has given the evidence of legal right to the plaintiff to sue for the money, and it is not for the defendant to question it.

The second paragraph of the answer presents no good defense to the action. The amended petition shows that the note was negotiated at the bank, and stands on the footing of a foreign bill of exchange, and as such it went into the possession of Ellis & Sturges as innocent holders for valuable consideration. However good the defense may be against the bank it presents no defense against Ellis & Sturges, or the plaintiff, their assignee.

The third paragraph is liable to the same objection.

The fourth paragraph is liable to the same objections as No. 1, and the fifth to the same objections as Nos. 2 and 3.

The fifth charges fraud in taking the note for stock when money alone should have been received. This is an irregularity of which the defendant cannot take any advantage.

The eighth paragraph is manifestly defective—1. It does not aver that the note was given for stock. 2. Though the bank may have been in a precarious condition it did not result that the stock was worthless. 3. It is not shown that the charter was forfeited, or that there was any judgment to that effect.

The bank had a right to buy the note, and a right to transfer it for anything that is alledged in the defense.

If there has been any violation of the charter, by taking notes for stock instead of money, this cannot be inquired into in this suit. A stockholder may not avoid the payment of his note upon such defense. (*Little vs. O'Brien*, 10 *Mass. Reports*, 426 ; 14 *Wend.*, 20.) The title which a party obtains to shares in a corporation subscribed for by him, is a good consideration for an express promise. (*Danberry and Nor-*

walk *Railroad Co. vs. Wilson*, 22 *Conn.*, 435; *Passaic Railroad Company vs. Bailey*, 2 *Vermont Reports.*) We suppose that no valid defense is presented to the action.

*Benton & Nixon* for appellee—

1. The Code of Practice requires (*sec.* 30,) that every action must be prosecuted in the name of the real party in interest, except as provided in *sec.* 60, which has reference to persons who have been judicially found to be of unsound mind. *Section* 30 provides that "the trustee of an express trust may bring an action without joining with him the person for whose benefit it is prosecuted." Hence the right of the plaintiff, as assignee of Ellis & Sturges, to maintain the action, depends upon the question whether his assignors are the real parties in interest. This the defendant distinctly denies. The truth of that denial is admitted. The plaintiff endeavors to escape the force of the conclusion against him by relying upon the note and assignment, and insists that these are to control the question of ownership in the the notes, against the allegations of the answer. This cannot be the law of the case. If the plaintiff denies the facts alledged in the defense he must do so by pleading, if he admits the facts, but to deny their sufficiency as a bar he may demur; he has his choice, but he cannot demur and deny the facts also. These principles need not be sustained by a citation of authority.

2. The answer denies that the note was negotiated at the Trust Company Bank, or that it was placed on the footing of a bill of exchange; and charges that Greer was an accommodation maker, and that the note was given by the Covington Locomotive Manufacturing Company, and received by the bank for $15,000 worth of stock in the bank, which was taken after $100,000 worth of stock had been taken; all of which was known to Ellis & Sturges when the note was given to them. These facts, we

insist, present a bar to the action, because the bank had not the right to receive subscriptions or issue certificates for stock over $100,000, that being the limit prescribed by the charter. (See 2d and 5th sections.)

Corporations derive all their power through their charters, and exercise them only in the manner prescribed. (Head & Amory vs. Providence Insurance Co., 2 Cranch, 129; Bank of United States vs. Owens, 2 Peters, 537; Bank of United States vs. Norvell, 2 Mar. 102; Dartmouth College case, 2 Wharton, 578.) In the last cited case Chief Justice Marshall said : "A corporation is an artificial being, invisible and existing only in contemplation of law ; being the mere creature of law, it possesses only those powers which the charter of its creation confers upon it expressly, or as incidental to its very existence." In the light of these principles, what are the rights of the bank or of the plaintiff, assuming him to be the real owner of this note so far as the bank had rights ? It is insisted that the bank had no right to take such a note on such a consideration ; no authority to issue any certificate of stock for it, because stock to the limit of the charter had been taken, and that could not be exceeded. The sale of any such stock was a fraud upon the stockholders. We maintain that the note is without consideration, and no recovery can be had on it.

Contracts may be void, as against the statute, in three ways—1. By being declared void by the statute. 2. By annexing a penalty, which is an implied prohibition. 3. By simple prohibition. (Maule & Selwyn, 597; 2 Peters, 539; 14 Mass. Rep., 322; 2 Cowen, 712; 5 Conn. Reports, 560; 7 Hen. Reports, 131.)

We rely that the judgment is right.

Judge SIMPSON delivered the opinion of the court:

January 28.

The appellant brought an action against A. L. Greer, on a note for fifteen thousand dollars executed

WORTHINGTON
vs.
GREER, &c.

by him to Marcus A. Finch, president of the Covington Locomotive and Manufacturing Company, and indorsed by said Finch and by H. P. Longmore, cashier of the Kentucky Trust Company Bank, the indorsement by the latter being in full, making the instrument indorsed by him payable to Messrs. Ellis & Sturges, or order. The plaintiff alledged in his petition that the note sued on, had been negotiated in the Kentucky Trust Company Bank, and indorsed by its cashier to said Ellis & Sturges, who by their deed of assignment, had transferred it and numerous other bills, notes, &c., to the plaintiff in trust, for the purposes specified in the deed. He made the Covington Locomotive and Manufacturing Company, Ellis & Sturges, the commissioners who were appointed by the court, to take into their possession the assets, and wind up the affairs of the bank, as well as A. L. Greer, defendants in the action. He also exhibited as a part of his petition, a copy of the assignment, from Ellis & Sturges to him as trustee.

The defendants, Greer and the Covington Locomotive and Manufacturing Company, filed an answer, in which they alledge that Ellis & Sturges were never the owners of the note sued on, that it was indorsed to, and left with them, by the Kentucky Trust Company Bank, for the purpose of collection merely, that it always had been and then was the property of said bank, that the plaintiff did not acquire any interest in, or right to it, whatever, by the deed of assignment executed by Ellis & Sturges, and could not therefore maintain his action.

This answer was demurred to by the plaintiff, the demurrer overruled, and a judgment rendered for the defendant from which the plaintiff has appealed.

In examining the validity of the defense relied upon in the answer, the note sued on, must be regarded as belonging to the Kentucky Trust Company Bank, and as having been transferred by its cashier, to Ellis & Sturges only for the purpose of collection, the truth of these allegations in the answer, being

1. A deed of assignment to a trustee for the benefit of creditors of "all the bills, drafts, promissory notes, negotiable securities of every name and nature belonging to the said firm of E. & S.,

admitted by the demurrer. The question then is, if such be the fact, did the note pass to the plaintiff by the deed of assignment? The decision of this question, does not, as was assumed in the argument, depend upon the fact of the execution of the assignment, or of its genuineness, and, therefore, the cases referred to on that point have no application, but upon the legal effect and operation of the deed. Does it transfer to the plaintiff, the notes and bills, which were indorsed to Ellis & Sturges to collect, and in which they have no interest, or does it only transfer to him, such notes and bills as belonged to them? As the assignment was made, that the trustee might collect the debts and demands transferred to him and apply the money arising therefrom, to the payment of the assignors debts, it could not have been the intention of the parties to embrace in it notes and bills which did not belong to the makers of the deed, and in which they had no interest. This we think is sufficiently manifest from the language of the deed by which "all the bills, drafts, promissory notes, negotiable securities of every name and nature *belonging to said firm* of Ellis & Sturges and pertaining to, or connected with the business of said firm, are transferred and assigned to the plaintiff. The notes and bills transferred were such as *belonged to the authors* of the deed, and pertained to, or were connected with, their business. The note sued on, not being of that character or description, did not pass to the plaintiff by the deed of assignment. Ellis & Sturges could have transferred it, and thereby passed the legal title to it, although the Trust Company Bank, was the real party in interest, but, considering the object they had in view, in executing the deed to the plaintiff, and the language therein used, we are decidedly of the opinion, that it was not embraced by it.

As then the plaintiff is not invested with the legal title to the note, nor has any beneficial interest in it, it would seem to follow as a necessary consequence,

WORTHINGTON
*vs.*
GREER, &c.

and pertaining to, or connected with, the business of said firm, does not pass a bill or note transferred to the maker of the deed by indorsement merely for purposes of collection.

2. A demurrer to a plea, alledging, for defense to a suit

on a note, that
the plaintiff is
not the legal
owner of the
note, but that it
was transferred
to plaintiff, as-
signor, merely
for collection,
and that it be-
longs to anoth-
er, the faet is to
be taken as true
and the demur-
rer sustained.
None but the
legal owner can
sue on a note,
though the legal
owner consent.

that he cannot maintain an action upon it. It has, however, been argued, that as the persons who have a right to sue upon it are defendants, and make no objection to a recovery by the plaintiff, it should be presumed that he is suing for their benefit, and as it is immaterial to the defendants to whom they pay it, they cannot rely upon this objection. No such presumption, however, can arise from the silence of the defendants who are referred to, but even if they had answered, and consented that a judgment might be rendered for the plaintiff, it would not have enabled him to maintain the action. A plaintiff must have a cause of action, otherwise he is not entitled to a judgment. It would be an utter perversion of every principle of pleading, and an obvious violation of all the rules prescribed, for determining the right of a party to maintain an action, to permit a third person, having no interest in the subject matter in contest, to carry on a suit in his own name, on the ground that the real party in interest had consented that he might do it for his benefit.

Wherefore, the judgment is affirmed.